UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SARUNAS PLETKUS, acting on
behalf of minor child, E.P.,

     Petitioner,

v.                                                                  Case No.:   2:26-cv-1209-SPC-NPM

ANA SALETIS,

     Respondent.

## OPINION AND ORDER

Before the Court is Petitioner Sarunas Pletkus' Verified Petition for Return of Minor Children to Lithuania (Doc. 2) and Motion for Temporary Restraining Order (Docs. 3, 4). For the below reasons, the Court grants the motion.

### Background

Petitioner had a child, E.P., with Respondent Ana Saletis. The child, now five years old, was born in and is a citizen of the Republic of Lithuania and has resided there since birth. She attends a kindergarten in Lithuania. Petitioner is a Lithuanian citizen and remains in Lithuania. Respondent recently lost her Lithuanian citizenship and is a United States citizen.

There is an ongoing custody case regarding the child in Lithuania. The case resulted in a Parenting Order setting forth a parenting time schedule and

communications protocol.  (Doc. 2-6).  It placed restrictions on travel outside the European Union without the consent of the non-traveling parent. Specifically, paragraph 2.7 provides that prior to the child's beginning school, neither parent may travel on holiday with the child.  Even after she begins school, there are strict notification and consent requirements.  If a trip to the United States is planned and lasts longer than two weeks, the traveling parent must obtain written consent from the non-traveling parent.

On March 18, 2025, Respondent asked Petitioner for permission to take the child to the United States.  He declined.  Respondent made no other requests.  Petitioner tried to see the child when he could, and the last time he spent time with her was on June 26, 2025.

Petitioner checked a school app on July 1, 2025, in advance of his upcoming parenting time, to confirm the child was at school.  The app showed she was not at school, and the school informed Petitioner that the child had not checked in since June 27, 2025.  Petitioner discovered Respondent had taken the child to Lee County in Florida.

Petitioner states he has had limited communication with Respondent, who has "offered vague excuses for failing to return to Lithuania that relate to a back injury" and has "not provided any reason the Child cannot return." (Doc. 2 at 7).  The United States State Department requested that Respondent

2

return the child voluntarily, but Respondent ignored the letter.  The child's passport expired on March 14, 2026.

So, Petitioner now requests that the Court order the child returned to Lithuania under The Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 22 U.S.C. § 9004(a) ("ICARA").  Before addressing the merits, Petitioner requests that the Court enter a temporary restraining order prohibiting Respondent from removing the child from the jurisdiction of this Court.

## Legal Standard

A district court may issue a temporary restraining order without notice to the adverse party if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (ex parte TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

3

If the movant establishes that it is justified in seeking ex parte relief, it then must show that injunctive relief is appropriate. The movant may do so by showing "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

## Analysis

To start, the Court finds that it may issue this Order without notice to Respondent because Petitioner has presented facts in his motion to show that immediate and irreparable injury may result before Respondent can be heard in opposition. Respondent has offered only "vague excuses for failing to return to Lithuania that relate to a back injury" and has not provided a reason the child cannot return. If notice were provided, there is a substantial likelihood that Respondent would attempt to abscond with the child from this District. Thus, ex parte relief without notice is warranted.

Next, Petitioner has shown the four TRO requirements. First, the likelihood of success on the merits. This is a Hague Convention wrongful retention case. To establish a prima facie case of wrongful retention, Petitioner must show that a "retention" has occurred, that is, that the child has been kept outside his or her country of "habitual residence." *De La Riva v. Soto*, 183 F.

4

Supp. 3d 1182, 1186 (M.D. Fla. 2016).  Petitioner must also show that the retention was "wrongful," that is, it must violate the "rights of custody" afforded to Petitioner under the laws of the child's pre-retention country of habitual residence, Hague Convention art. 3(a), which rights Petitioner was "actually exercis[ing]" at the time of the retention or "would have been so exercis[ing] but for the removal or retention." *Id*.

In support of these elements, Petitioner explains that the child was born in Lithuania and resided there for her entire life before traveling to the United States.  She attends a kindergarten school there.  He also submits the Vilnius City District Court's Parenting Order, which places restrictions on travel outside the European Union without the consent of the non-traveling parent. If a trip to the United States is planned and lasts longer than two weeks, the traveling parent must obtain written consent from the non-traveling parent.[1] Petitioner has sufficiently shown a likelihood of success on the merits at this stage.

---

[1] In his motion, Petitioner states that "The parties and the Child were under an order from Lithuania restricting the Child to not travel to the United States."  (Doc. 4 at 12 (citing Exhibit D)).  But Petitioner does not point to the page of the order, much less the provision, restricting all travel to the United States.  Rather, it appears as though the Lithuania court merely placed restrictions requiring consent from the non-traveling parent.

Petitioner is cautioned to clearly and accurately represent the Lithuanian court's language to avoid misleading—perhaps albeit unintentionally—the Court.  Further, Petitioner must cite the page and/or provision when referring to exhibits.  He must also properly label his exhibits in his briefs and when electronically docketing on CM/ECF.  The Court will not track down evidence or do Petitioner's work for him.

Petitioner has shown immediate and irreparable harm because the child is currently in Respondent's custody outside of Lithuania, and she may further abscond absent injunctive relief. Any potential harm to Respondent from temporarily restraining her ability to travel with the child is outweighed by the potential harm to Petitioner if relief is not issued. And the public interest is served because the relief sought furthers the goals of the Hague Convention.

Finally, given the nature of this action, the Court will not require the posting of a bond as security. *See BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) ("[I]t is well established that 'the amount of security required by the rule is a matter within the discretion of the trial court, and the court may elect to require no security at all'") (cleaned up).

Accordingly, it is now

**ORDERED:**

Petitioner's Motion for Temporary Restraining Order (Doc. 3) is **GRANTED** under the terms set forth below.

1.      Petitioner must serve Respondent with a copy of this Order and all other papers filed in this action. **On or before April 24, 2026**, Petitioner must file a notice certifying that he has served these documents.

2.      Respondent and anyone acting in concert or participating with Respondent must keep the child within the jurisdiction of the Fort Myers

Division of the United States District Court for the Middle District of Florida, pending further Order of the Court.

3.     Respondent must surrender to the Court the child's travel documents. **On or before April 24, 2026**, Respondent must deposit those documents with the Clerk of Court.

4.     **On April 28, 2026, at 9:30 a.m.** in Courtroom 5D of the United States Courthouse and Federal Building, 2110 First Street, Fort Myers, Florida 33901, the Court will hold a hearing as to whether this temporary restraining order should be converted into a preliminary injunction. At that time, the Court will also discuss scheduling with the parties and set a date for an evidentiary hearing regarding the verified petition.

5.     Because Petitioner has included the minor child's name in his Court filings, the Court **DIRECTS** the Clerk to seal these documents. *See* Fed. R. Civ. P. 5.2(a). **On or before April 24, 2026**, Petitioner must file minimally redacted versions of these filings.

**DONE** and **ORDERED** in Fort Myers, Florida on **April 17, 2026**, at **4:00 P.M**.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

7